IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAUL DOUGLAS GILBERTSON,            )
                                    )
            Plaintiff,              )   Civil No. 01-6282-HO
                                    )
       v.                           )   ORDER
                                    )
STUART H. ALBRIGHT, et al           )
                                    )
            Defendants.             )

Plaintiff Paul Gilbertson brings this action against current and former members of the Oregon Board of Examiners for Engineering and Land Surveying in their individual capacities for actions resulting in an order refusing reinstatement of his Oregon engineering license and land surveying license. Plaintiff alleges that defendants violated his First Amendment rights, his right to procedural and substantive due process, and his right to equal protection in violation of 42 U.S.C. § 1983.

Defendants originally move to dismiss the complaint based on the *Rooker-Feldman* doctrine, *Younger* abstention, federal deferral

for reasons of wise judicial administration, lack of jurisdiction under the Eleventh Amendment, and issue and claim preclusion. The court granted the motion based on *Younger* abstention. The Ninth Circuit remanded for consideration of whether any *Younger* exceptions apply. Upon remand, the parties were given an opportunity to provide further briefing on *Younger* and the other issues raised in the original motion to dismiss.

Because plaintiff's counsel withdrew shortly after remand, plaintiff has been given additional time to procure counsel. Plaintiff has not been able to find substitute counsel, but the court has provided plaintiff with additional time in which to file any further briefing. Plaintiff has not filed any formal briefing and therefore the court will consider, in addition to the first round of briefs filed in support of and in opposition to the motion to dismiss, plaintiff's letters sent to this court dated April 11, 2005, March 20, 2005, January 20, 2005, January 10, 2005, November 9, 2004, October 20, 2004, and September 26, 2004 to the extent the letters discuss relevant issues.[1]

As noted in the previous order on dismissal, plaintiff makes the following allegations in his complaint:

---

[1] The court has indicated to plaintiff the time frame for filing additional briefing. To the extent plaintiff seeks the court's advice on how to otherwise proceed in the letters, the court cannot act as counsel for plaintiff.

Plaintiff was initially licensed as a professional land surveyor in 1983 and was an outspoken opponent of certain Oregon State Board of Examiners for Engineering and Land Surveying policies relating to county surveyor authority. In 1995, the deputy Clackamas County, Oregon surveyor filed a complaint with the Board regarding plaintiff's performance. The complaint was assigned to a Board member with whom plaintiff had a disagreement.

On January 10, 1998, the Board revoked plaintiff's license for incompetence. Plaintiff appealed the decision to the Oregon Court of Appeals where the appeal is still pending.

The Board permitted plaintiff to take the licensing exam in April of 1998. Plaintiff passed the exam. The Board granted licenses to all individuals who passed the exam except plaintiff.

In July of 1998, the Board issued a proposed order refusing to reinstate plaintiff. Plaintiff appealed the proposed order in a contested case administrative hearing which was held in May and June of 1999, before a hearings officer for the Board. The hearings officer issued a proposed order in which he concluded that the Board's denial of the license was inconsistent with past Board practice, there was an inadequate explanation of the Board's departure, the absolute and apparently permanent denial of an opportunity for plaintiff to prove his competence was arbitrary and made on an ad hoc basis, there was an unexplained incongruity in

sanctions between plaintiff and the cases of other surveyors, and that there was a demonstrated bias against him by a Board member.[2]

Despite the hearings officer's findings, the Board issued a final order refusing to restore plaintiff's licence on September 14, 1999. The Board concluded that plaintiff was incompetent with respect to the practice of land surveying because at the contested case hearing, plaintiff disagreed with the Board's conclusions in its 1997 order of revocation regarding the original complaint.

Plaintiff further alleges that the Board members deliberately treated him differently than others in the same circumstances, denied him due process, and retaliated against him for his opposition to a Board policy.

DISCUSSION

The state proceedings upon which the court relied in concluding that *Younger* abstention applied have now concluded. The parties correctly note that the issue of *Younger* abstention is now moot. In addition, defendants concede that the *Rooker-Feldman* and wise judicial administration issues are moot as well. Defendants now primarily rely on claim and issue preclusion in support of dismissal.[3]

---

[2]The same board member to whom the initial complaint had been assigned.

[3]Damage actions brought under section 1983 "seeking to impose individual and personal liability on "state officials" are not barred by the Eleventh Amendment.

4 - ORDER

Plaintiff lost two administrative hearings. The first involved the revocation of his license by the Board and the second involved the subsequent denial of his application for reinstatement. Plaintiff appealed both decisions to the Oregon Court of Appeals. The administrative proceedings and appeals involved the same factual underpinnings raised in this case. Plaintiff could have raised his equal protection and First Amendment claims before the Oregon Court of Appeals and did raise a due process claim before that state court. See ORS § 183.482(8)(b)(C) (the court shall remand to the agency if it finds that the agency's exercise of discretion was in violation of a constitutional or statutory provision).

The Oregon Court of Appeals affirmed the administrative decision revoking plaintiff's license in favor of the State of Oregon and the Oregon Supreme Court denied review on October 22, 2002. The Oregon Court of Appeals affirmed the administrative decision denying plaintiff's application for reinstatement on September 8, 2004, and plaintiff did not seek review by the Oregon Supreme Court.

A federal court must give the same preclusive effect to a state court judgment as would be given that judgment under the law of the state in which the judgment was rendered. Migra v. Warren City School Dist. Bd. of Educ. 104 S. Ct. 892, 896, 465 U.S. 75, 81 (1984). The well established rule in Oregon is

> that a plaintiff who has prosecuted one action against a
> defendant through to a final judgment binding on the
> parties is barred on *res judicata* grounds from prosecuting
> another action against the same defendant where the claim
> in the second action is one which is based on the same
> factual transaction that was at issue in the first, seeks
> a remedy additional or alternative to the one sought
> earlier, and is of such a nature as could have been joined
> in the first action.

Rennie v Freeway Transport, 294 Or 319, 656 P.2d 919, 921 (1982).

Oregon Courts have established that preclusive effect may be given to the essential findings of administrative agencies, if the parties had a full and fair opportunity and incentive to be heard and the decision was subject to judicial review. Stanich v. Precision Body and Paint, Inc., 151 Or. App. 446, 455 (1997).

Plaintiff argues that "the details of my case, although similar to details of the state proceedings, are different, as are the issues involved." Plaintiff points to the failure to raise all the constitutional issues before the Court of Appeals and that he did not seek damages in state court as significant differences. Plaintiff's arguments do demonstrate that issue preclusion is not appropriate, but fail to demonstrate that his claims are not now precluded. Although plaintiff could not have sought damages as he does here, plaintiff could have brought his constitutional claims in the appeals court cases and had every incentive to do so. Plaintiff would be barred in state court[4] from bringing those claims now. Accordingly, plaintiff is precluded from seeking relief for violation of his constitutional

---

[4] Such as an action in state court for damages under the Oregon Tort Claims Act for violation of section 1983.

rights in this court based on the same factual transaction raised in previous state court proceedings.

CONCLUSION

For the reasons stated above, defendants' motion to dismiss (#11) is granted and this action is dismissed.

DATED this 23rd day of August, 2005.

*Michael R. Hogan*
United States District Judge